Andrew Dunne, Minneapolis, MN (David L. Lillehaug and Andrew Dunne, on the brief), for appellee.

Before FAGG, MAGILL, and BEAM, Circuit Judges.

**UNITED STATES of America, Appellee,**

v.

**Juan DIAZ–ARENAS, also known as Casmirio Salazar, Appellant.**

**No. 94–2766.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1995.

Decided Jan. 30, 1995.

PER CURIAM.

Juan Diaz–Arenas pleaded guilty to unlawful reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). At sentencing, the district court denied Diaz–Arenas's attorney's request for a downward departure, and then addressed Diaz–Arenas directly, asking Diaz–Arenas if he wished to make a statement before the court imposed sentence. *See* Fed.R.Crim.P. 32(a)(1)(C) (1994) (currently at Fed. R.Crim.P. 32(c)(3)(C)). After Diaz–Arenas made a statement, the district court sentenced him to seventy months in prison and three years of supervised release.

 Diaz–Arenas's sole argument on appeal is that he should have been allowed to make his Rule 32(a)(1)(C) statement before

the court ruled on the downward departure issue. We disagree. Although Rule 32(a)(1)(C) gives Diaz–Arenas the right to address the court before the court imposes sentence, it does not give him the right to address the court at any particular time before the court imposes sentence. *See United States v. Aquilla,* 976 F.2d 1044, 1054 (7th Cir.1992).

We affirm the district court.